IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; and NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>WRIGHTWAY MECHANICAL, LLC; and STEVE WRIGHT,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1.  This is an action brought pursuant to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and (f).

**PARTIES**

2.  Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to

//

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF –      - Page 1

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Welfare Fund is administered in the State of Washington.

3. Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

4. Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

5. SHEET METAL WORKERS LOCAL 55 ("Local 55") is a labor organization. It represents for purposes of collective bargaining persons who are employed in the construction and marine repair industries. Those industries affect commerce within the meaning of the Act.

6. Defendant WRIGHTWAY MECHANICAL, LLC is a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local 55. That industry affects commerce within the meaning of the Act. Wrightway Mechanical has employed or does employ persons represented by Local 55. Wrightway Mechanical 's principal place of business is P.O. Box 422, Lewiston, ID 83501-0422.

7. Defendant Steve Wright is the owner of Wrightway Mechanical.

**FIRST CLAIM FOR RELIEF**

8. Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 7 above.

9. The collective bargaining agreement between Defendant and Local 55 was in effect at all times material hereto. By that agreement Defendant Wrightway Mechanical became

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF –    - Page 2

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

obligated to make monthly contributions to plaintiffs Welfare, Pension, and Supplemental Pension, as well as several other non-plaintiff trust funds, on behalf of employees represented by Local 55.

10. Defendant has also agreed to and has received money from its Local 55 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 55 as part of each employee's dues obligation. Defendant holds such money in trust.

11. Payments due to the Welfare, Pension, and Supplemental Pension, and the other non-plaintiff trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant.

12. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month. The Welfare fund serves as collection for the other named Plaintiffs and non-named trusts on whose behalf contributions are owed.

13. Beginning in November 2017 and continuing through today, Defendant Wrightway Mechanical failed to make all payments due and owing under the applicable trust agreements. Defendant further owes late fees for several months in which it made late payments.

14. Unless ordered by this Court, Defendant will continue to refuse to pay to the Plaintiffs the contributions and late fees due them. As a result, Plaintiffs will be irreparably damaged.

15. In addition to the unpaid contributions, Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C. § 185, as amended:

(a) Interest on the untimely or delinquent contributions;

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF –   - Page 3

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

    (b)    An amount equal to the greater of:

        (i)    interest on the untimely contributions (hereinafter "interest"), or

        (ii)    liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"); and

    (c)    Reasonable attorneys' fees and the costs of this action.

16. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

## SECOND CLAIM FOR RELIEF

17. Plaintiffs incorporate by reference as though fully set forth herein paragraphs 1 through 16, above.

18. In September 2018, Plaintiffs and Defendants entered into an agreement whereby Defendants agreed that they would repay amounts due to Plaintiffs for Wrightway's previous delinquencies by making monthly payments beginning October 15, 2018 and continuing thereafter until the amounts due were paid.

19. Defendants agreed in the Agreement that Wrightway would remain current with all ongoing contributions due to Plaintiffs while repaying the amounts due under the Agreement, and if Wrightway did not remain current with it ongoing contributions or fell behind in it repayment amounts, the full amounts due to Plaintiffs under the Agreement, any other outstanding contributions owing at the time of such failure, and liquidated damages and interest on all unpaid contributions would be due and payable.

20. Wright personally guaranteed the amounts owed by Wrightway under the Agreement, and agreed in the Agreement in the event Wrightway failed to comply with its promises under the Agreement, that he would be personally liable joinly and severally for all amounts due under the Agreement.

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF –    - Page 4

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

21. Since at least December 2018, Wrightway has failed to keep current with the ongoing contributions due to Plaintiffs.

22. Wright is jointly and severally liable to Plaintiffs for the same dollar amounts as Wrightway.

WHEREFORE, plaintiffs demand judgment against the Defendants:

1. Obligating Defendant to pay to plaintiffs the full amount of contributions and late fees owing to them, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreement, and the collective bargaining agreement;

2. Restraining and enjoining Defendant Wrightway, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from refusing to pay to plaintiffs all funds, including interest, penalties, and liquidated damages, due to them;

3. Requiring Defendants to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4. Granting plaintiffs such further and other relief as may be just and proper.

DATED this 25th day of June, 2019.

MCKANNA BISHOP JOFFE, LLP

s/ Daniel Hutzenbiler
Daniel R. Hutzenbiler, WSBA No. 36938
Telephone: 503-821-0955
Email: dhutzenbiler@mbjlaw.com

Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF –    - Page 5

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121